IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOTTIE A. WHITEMAN, <br> Plaintiff <br><br> v. <br><br> BURTON NEIL & ASSOCIATES, P.C., and JOHN AND JANE DOES 1 -10, <br> Defendants | No. 3:07cv2289 <br><br> (Judge Munley) |

## **MEMORANDUM**

Before the court for disposition is Defendant Burton Neil & Associates' motion to dismiss the instant action, which is based upon the Fair Debt Collection Practices Act , 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA"); the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereinafter "FCEUA"); and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201.1 *et seq.* (hereinafter "UTPCPL").   The matter has been fully briefed and is ripe for disposition.

**Background**

Plaintiff Dottie Whiteman incurred a financial obligation on a Fleet Bank credit card prior to 2004 in the amount of $6,989.48.  (Doc. 1, Complaint at ¶ 4).  The debt was placed with defendant for collection.  (Id. at ¶ 5).  Plaintiff's complaint asserts that Defendant Burton Neil & Associates, P.C. and John and Jane Does 1-10's actions in attempting to collect the debt violated provisions of the FDCPA, the FCEUA, and the UTPCPL.

In response to the complaint, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to several federal statutes, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

The Third Circuit Court of Appeals has described the FDCPA as follows:

> The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors. Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir.2000) (citing Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir.1987)). The "threshold requirement of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.' " Id.; see 15 U.S.C. §§ 1692e-f. The FDCPA defines "debt" as "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 232 (3d Cir. 2005).

In the instant case, the plaintiff asserts that the defendant failed to provide verification and validation of the alleged debt as required by the FDCPA and that defendant improperly filed suit against the plaintiff in state court. (Doc. 1, Compl. ¶¶ 12-13). Plaintiff also generally asserts violations of 1592 U.S.C. § 1692d (regarding harassment); §§ 1692e(2), (5), (8) and (10) (regarding making false or misleading representations); § 1692(f) (which lists eight unfair and unconscionable means to collect or attempt to collect a debt) and § 1692g(b) (regarding disputed debts).

The complaint does not go into any great detail as to how each of these sections were violated. Defendant raises several issues in its motion to dismiss. We will address each separately.

**1. Statute of limitations**

Defendants' first argument is that the statute of limitations bars plaintiff's claims. The FDCPA provides:

> An action to enforce any liability created by this subchapter may be brought in any United States district court without regard to the amount in controversy, or in any other Court of competent jurisdiction, **within one year from the date on which the violation occurred**.

15 U.S.C. § 1692k(d) (emphasis added).

Thus plaintiff had one year from when the defendant violated the FDCPA to assert a cause of action against it. The instant case was filed on December 18, 2007. (Doc. 1, Complaint). Therefore, the actions of which plaintiff complains must have occurred after December 17, 2006.

At the instant time, with just the plaintiff's complaint and exhibits thereto to examine, it is difficult to determine the defendant's statute of limitations argument. It appears from the face of the complaint that at least some of the actions that the plaintiff complains of occurred during the

3

statute of limitations.  For example, the complaint asserts that during the discovery phase of the state judicial proceedings, in May of 2007, the defendant refused to provide appropriate documentation regarding the debt.  (Doc. 1, Compl. ¶ 18).

Defendant cites an unreported case from the United States District Court of the District of Ohio for the proposition that filing a lawsuit in an attempt to collect a debt is not the kind of conduct that was intended to be covered by the FDCPA.  See Harvey v. Great Seneca Fin. Corp., 2005 U.S. Dist. LEXIS 37002, 1-18 (D. Ohio 2005).  While that may be true, the United States Supreme Court has held that the FDCPA applies to attorneys engaged in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with its requirements. Heintz v. Jenkins, 514 U.S. 291(1995).

Accordingly, as the defendant's actions during the state court lawsuit can lead to FDCPA liability, and some of those actions are alleged to have taken place within a year of the filing of the complaint, we will deny the defendant's statute of limitations argument.  We deny it, however, without prejudice to the defendant raising it again at the summary judgment stage once the facts of the case are fully developed.

**2. Timeliness of the Dispute of the Debt**

Under the FDCPA, if the debtor notifies the debt collector that it disputes the debt, the debt collector must obtain verification of the debt and mail it to the plaintiff.  15 U.S.C. § 1692g.(a)(4).  The notice that the debt is disputed must be made within thirty (30) days of the date of the initial communication from the debt collector.  Id.  Plaintiff asserts in the complaint that such verification of the debt was not provided in this case.

(Doc. 1, Complaint ¶ ¶ 11-12).  Defendant asserts that plaintiff failed to provide timely notice of dispute of the debt, therefore, it had no obligation to provide verification.  Accordingly, defendant argues that this claim should be dismissed.  We find that it is too early at this stage of the proceedings to make factual determinations of when notice was sent and when it was due so as to reach the merits of this issue.  Defendants' motion will therefore be denied as premature, without prejudice to defendants raising the issue again at the summary judgment stage.

**3. Punitive Damages Injunctive Relief and Declaratory Relief**

Plaintiff's complaint seeks punitive damages, injunctive relief and declaratory relief.  Defendant asserts that these forms of relief are not available under the FDCPA and should be dismissed.  After a careful review we agree.

The damages section of the FDCPA does not provide for punitive damages.  15 U.S.C. § 1692k; Aronson v. Creditrust Corp., 7 F. Supp. 2d 589, 593-94 (W.D. Pa. 1998).  Accordingly, the punitive damages claim with respect to the FDCPA will be dismissed.  Further, the Third Circuit Court of Appeals has held that injunctive and declaratory relief is not available under the FDCPA.  Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004).  Accordingly, these forms of relief will be dismissed from the complaint with regard to the FDCPA.[1]

**4. FCEUA claim**

Defendant next asserts that the FCEUA claim should be dismissed

---

[1] As defendant's brief only address punitive damages, injunctive relief and declaratory relief with regard to the FDCPA, our ruling only applies to plaintiff's claims under the FDCPA.

because the FCEUA applies where there is a violation of the FDCPA. As plaintiff has not alleged a proper FDCPA claim then the FCEUA claim must be dismissed according to the defendant. As set forth above, however, we will not dismiss the FDCPA claim; therefore, we will not dismiss the FCEUA claim on the basis that there is no FDCPA claim.

## 5.  UTPCPL Claim

Next, defendants challenge plaintiff's UTPCPL claim. They assert that there can be no UTPCPL claim if the plaintiff has suffered no actual damages. Without deciding whether a claim of actual damages is needed under the UTPCPL, we will deny defendant's motion on this point. Plaintiff seeks actual damages in the complaint. Therefore, it is too early at this point for us to rule that she has none.

Defendant next argues that plaintiff's claim for emotional damages under the UTPCPL should be dismissed. We agree. The UTPCPL limits recovery to actual damages a claim for emotional distress is therefore precluded. Krisa v. Equitable Life Assur. Soc., 113 F. Supp. 2d 694, 707 (M.D. Pa. 2000). Thus this portion of the motion to dismiss will be granted.

The defendant proceeds to argue that the FCEUA adopts the UTPCPL as its remedial base and precludes cumulative recoveries; and therefore, one of these claims should be dismissed as redundant. Defendant may be correct in its assertion. See 73 P.S. § 2270.5(c) (providing that there shall not be cumulative recoveries). We find, however, that it is too early in the proceedings to dismiss one cause of action or the other. At a later stage of the proceedings, if appropriate we may require the plaintiff to decide which statute she will proceed under.

### 6. Intentional Infliction of Emotional Distress/Negligent Infliction of Emotional Distress

Defendant also seeks dismissal of plaintiff's state law tort claims of intentional or negligent infliction of emotional distress. We find that it is too early at this stage of the proceedings without discovery having occurred to determine whether these claims should be dismissed. Defendant further argues that plaintiff has not articulated a basis for this court's jurisdiction over these claims. We find this argument insufficient basis to dismiss the claims. We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367. ( See Doc. 1, Complaint ¶ 1 "Preliminary Statement and Introduction" (asserting that plaintiff's claims are "brought under the Court's pendent and supplemental jurisdiction.")).

### 7. FCBA and FCRA claims

Paragraph 17 of the complaint avers that the defendant violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666(A). The purpose of the FCBA is "to protect consumers from inaccurate and unfair credit practices." Monica v. MBNA America Bank, N.A., Nos. 06cv281, 06cv761, 2006 WL 2040380 (D.N.J. July 20, 2006). Defendant seeks dismissal of this claim as the FCBA is inapplicable to debt collectors, it applies to creditors only. We are in agreement.

A reading of the FCBA indicates that it applies to creditors. With regard to consumer credit, the term "creditor" is defined as a person who both "regularly extends. . . consumer credit" and "is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(f). According to the facts of the complaint, the defendant was not the party who initially extended the credit to the plaintiff. (Doc. 1,

Compl. ¶ 4 (indicating that plaintiff was initially indebted to Fleet Bank)). Therefore, the FCBA is inapplicable in the instant case. Moreover, the FCBA is merely mentioned in a paragraph of the plaintiff's factual allegations and is not listed in the "causes of action" section of the complaint. Thus, not only can plaintiff not raise such a claim, it appears that she has not. But to the extent that her complaint can be read to assert a cause of action under the FCBA, it will be dismissed.

Defendant also seeks dismissal of plaintiff's claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Defendant's position is that the FCRA regulates the activities of credit reporting agencies and persons or entities who report to such agencies. Defendant claims it is not a credit reporting agency, it does no credit reporting and has never done such reporting. We find it inappropriate at this stage of the proceedings to dismiss this claim. Defendant relies on facts not in evidence to establish that the FCRA does not apply to it. This matter would better be resolved on a motion for summary judgment when the court can review the evidence. Accordingly, the defendant's motion to dismiss the FCRA claim will be denied.

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be denied in part and granted in part. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DOTTIE A. WHITEMAN,**<br>       **Plaintiff**<br><br>       **v.**<br><br>**BURTON NEIL & ASSOCIATES,<br>P.C., and JOHN AND JANE<br>DOES 1 -10,**<br>       **Defendants** | **No. 3:07cv2289**<br><br>**(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 19th day of September 2008, the Defendant Burton Neil & Associates motion to dismiss (Doc. 5) is **GRANTED in part and DENIED in part.**

The motion to dismiss is granted with regard to the following claims:

1) The claims for punitive damage, injunctive relief and declaratory relief under the FDCPA;

2) The claim for emotional distress under the UTPCPL; and

3) The plaintiff's FCBA claim.

It is denied in all other respects.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY
                                                  United States District Court**